IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PENNY E. PHAGAN,                                                                       PLAINTIFF

v.                                    Case No. 6:07-cv-6004

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                         DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Penny Phagan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 7).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

      Plaintiff protectively filed for SSI benefits on March 18, 2004, alleging disability due to schizophrenia since January 11, 2003.  (Tr. 50-65).  Plaintiff's applications were denied initially and on reconsideration.  (Tr. 27-30).  Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ)

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

held a hearing on April 25, 2006. Plaintiff, represented by attorney Michael Angel, appeared and testified at the hearing, along with vocational expert (VE) Nancy Hughes, who appeared by telephone. (Tr. 380-396). On August 21, 2006, the ALJ issued an unfavorable decision. (Tr. 10-17). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the hypothetical question posed to the VE did not contain all of Plaintiff's impairments. The Defendant argues the hypothetical question asked of the VE was proper.

**Hypothetical Question Asked To The VE**

Nancy Hughes testified as a VE at the administrative hearing. (Tr. 394-395). The ALJ asked Ms. Hughes the following hypothetical question:

> For our first hypothetical, assume an individual 31 years of age, with a ninth-grade education, and no past relevant work. Assume no exertional limitations. And assume the individual is limited to work where interpersonal contact is incidental to the work performed. Complexity of task is learned and performed by rote, involving few variables and requiring little judgment. The individual would require simple, direct, and concrete supervision. Are there any such jobs that exist in significant numbers that such an individual could perform? (Tr. 394-395)

Ms. Hughes responded by identifying three jobs which the hypothetical individual could perform which included janitor, conveyor offbearer, and kitchen helper. (Tr. 395). The ALJ found Plaintiff was able to perform these jobs and concluded Plaintiff was not disabled. (Tr. 16).

It is generally accepted that VE testimony in response to a hypothetical question is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff suffered from the severe impairments of psychotic disorder and mood disorder but that those impairments did not meet or medically equal any of the listed impairments in the Social Security Regulations. (Tr. 13). The ALJ did not specifically include either of these impairments in the hypothetical question. The ALJ also found Plaintiff experienced moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 14). These difficulties

were not included in the hypothetical question asked of the VE.

A hypothetical question must precisely describe the Plaintiff's impairments so the VE may accurately assess whether jobs exist for the Plaintiff. *See Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). Testimony based on an improper hypothetical question cannot constitute substantial evidence to support a finding of no disability. *See Totz v. Sullivan*, 961 F. 2d 727 (8th Cir. 1992). Because the ALJ found Plaintiff had impairments of concentration, persistence, or pace, the hypothetical question posed to the VE must include those impairments. *See Newton v. Chater* , 92 F.3d 688, 695 (8th Cir. 1996).

Because the ALJ did not ask a properly phrased hypothetical question to the VE, which precisely described the Plaintiff's impairments, this case should be reversed and remanded so the VE can respond to a hypothetical question which includes Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **17th day of December, 2007.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE